COPY

JUDGE DANIELS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In the Matter of
ARBITRATION OF DISPUTES

between

LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES HEALTH FUND, UNITE HERE!
LAUNDRY, DRY CLEANING WORKERS AND
ALLIED INDUSTRIES RETIREMENT FUND, UNITE HERE!
                       Petitioners,

and

STAINLESS PARTNERS, INC.
D/B/A WORLD CLEANERS,
                       Respondent.

07 CV 2973

PETITION TO CONFIRM
ARBITRATION AWARD

STATE OF NEW YORK    )
                               ) ss.
County of New York     )

      The Petition of the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Petitioners"), by their attorney Mark Schwartz, Esq., respectfully shows to this court and alleges that:

      1.    I am Counsel to Petitioners herein, the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Funds"), and I am duly admitted to practice law before the courts of the State of New York and before this Honorable court and am fully familiar with the prior proceedings had in this matter. I submit this Petition in support of Petitioners' application for an order confirming the Arbitration Award of Philip Ross (hereinafter, the "Arbitrator"), dated February 27, 2007.

      2.    The Funds with their sole office at 275 7th Avenue, New York, New York 10001, are employee benefit plans within the meaning of Section 3 (3), of the Employee Retirement Income Security Act of 1974, as amended (hereinafter, "ERISA"), 29 U.S.C. 1002 (3), established pursuant to an Agreement and Declaration of Trust and by a Collective Bargaining Agreement entered into between the Amalgamated Service Allied Industries Joint

Board of the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as UNITE-HERE, AFL-CIO, CLC (hereinafter, the "Union"), and employers engaged in the cleaning and dyeing industry. The Funds were created to provide benefits to eligible employees of contributing employers.

3. Stainless Partners, Inc. d/b/a World Cleaners (hereinafter, the "Respondent"), 740 Pine Street, Brooklyn, New York 11208, is a party to a Collective Bargaining Agreement and Supplemental Agreement thereto, with the Amalgamated Service and Allied Industries Joint Board of the Union. The Collective Bargaining Agreement obligates the employer to contribute to the Funds, based upon stated percentages of its gross payroll and to submit to the Fund premiums on behalf of eligible spouses of employees covered by the CBA.

4. A dispute has arisen concerning Respondent's obligation to contribute to the Funds for the period of 01/27/07 – 02/23/07.

5. Pursuant to the CBA, the dispute was referred to Arbitrator for arbitration on February 27, 2007.

6. After considering the evidence presented at the hearing, the Arbitrator, Philip Ross, issued an Arbitration Award directing the Respondent to pay the delinquent contributions in the amount of $4,917.43, plus interest, liquidated damages and incidental costs, for a total award of $6,074.72 (hereinafter, the "Arbitration Award"). A copy of the Arbitration Award is annexed hereto as **Exhibit A**.

7. The Award further directed the Respondent to make available to the Petitioners all relevant books and records from which the Petitioners can compute sums due to the Fund.

8. On March 7, 2007, the Petitioners served a copy of the Arbitration Award on Respondent, by regular mail and an additional copy by certified mail return receipt requested, No. 7006 2150 0000 7834 6889.

9. To date, Respondent has failed to satisfy any part of the Arbitration Award.

10. As a result of Respondent's failure to abide by the Arbitration Award, the Fund now seeks judicial enforcement thereof. As more fully demonstrated in the annexed Memorandum of Law, this court has jurisdiction over Respondent.

11. A copy of the Fund's Plan Rules is annexed hereto as **Exhibit B**. The Plan Rules provide for interest at the rate 18% per annum and for liquidated damages at the rate of 20% on the delinquent contributions. This is in accordance with ERISA section 502 (g) (2), 29 USC 1132 (g) (2), which provides for interest, liquidated damages, costs and attorney fees

in actions to recover delinquent contributions. According, the Arbitrator, in this matter, awarded interest at such rate through the date of Arbitration Award.

**WHEREFORE**, your Petitioners pray for an order confirming the Arbitration Award, ordering Respondent to make available to the Fund book and records relevant to this action and directing the entry of judgment in the amount of $6,074.72 together with interest and liquidated damages from the date of the Arbitration Award to the date of judgment, together with the costs incurred, in connection with this Petition.

Dated: April 11, 2007
      New York, New York

 

_____
Mark Schwartz - MS-0148
Attorney for Petitioners
730 Broadway, 10th Floor
New York, New York 10003-9511
(212) 539-5275

**EXHIBIT A**

|   |   |
|---|---|
| In the Matter of<br>ARBITRATION OF DISPUTES<br><br>Between<br><br>LAUNDRY, DRY CLEANING WORKERS AND<br>ALLIED INDUSTRIES HEALTH FUND, UNITE HERE!<br>LAUNDRY, DRY CLEANING WORKERS AND<br>ALLIED INDUSTRIES RETIREMENT FUND, UNITE HERE!<br>Petitioners,<br><br>And<br><br>STAINLESS PARTNERS, INC.<br>D/B/A WORLD CLEANERS,<br>Respondent. | FINDINGS AND AWARD<br>07 – 17 – R |

Due notice having been given to the parties, a hearing was held before the undersigned in New York City on February 27, 2007.

APPEARANCES:

    The Arbitrator:                Dr. Philip Ross

    For the Petitioners:          Mark Schwartz, Esq.
                                          Ms. Rose-Magallie Maitre
                                          Mrs. Evelyn Soto
                                          Mr. Keith Hawkins

    For the Respondent:         No Appearance

## FINDINGS

This proceeding was instituted by the service of a statutory Notice of Intention to Arbitrate, in which it was alleged that Stainless Partners, Inc. d/b/a World Cleaners (hereinafter, the "Respondent"), has entered into a written Collective Bargaining Agreement (hereinafter, the "Agreement"), with the Amalgamated Service and Allied Industries Joint Board, of the Amalgamated Clothing and Textile Workers Union, AFL-CIO, CLC, presently known as Amalgamated Service and Allied Industries Joint Board of UNITE HERE (hereinafter, "Union"), in which, pursuant to applicable law, the Respondent was notified that unless it applied to stay the proposed arbitration within 20 days after the service of the aforesaid Notice, it would be barred from putting in issue the making of the said Agreement and its failure to comply therewith. More than 20 days have elapsed since the service of the aforesaid Notice at the time of the hearing in this proceeding held as above stated, and no application to stay this proceeding has been made by the Respondent.

On the basis of the aforesaid Notice of Intention to Arbitrate, Respondent's failure to apply to stay this proceeding, and other evidence submitted, I find that, as alleged by the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Petitioners"), the Respondent entered into the Agreement with the Union that, among other things, this Agreement provides that the Respondent is regularly to pay a stated percentage of its payroll to the Laundry, Dry Cleaning Workers and Allied Industries Health Fund, UNITE HERE! Laundry, Dry Cleaning Workers and Allied Industries Retirement Fund, UNITE HERE! (hereinafter, the "Fund"). These payments are commonly known as contributions.

The Agreement further provides as follows:

> The Employer shall furnish to the Trustees, upon request, such information and reports as they may require in the performance of their duties under any of the agreements and declarations of trust.

A subpoena was duly served on the Respondent requiring it to produce at the Offices of the Union on February 27, 2007, all of the relevant books and records from which could be computed the exact sums due to the Petitioners for the period 01/27/07 through the date of hearing.

From the evidence made available to me, I find that the Respondent failed to make the following contributions for the period of 01/27/07 to 02/23/07 in the amount of $4,917.43; that demand for payment was duly made and refused and that there is now due and owing from the Respondent to the Petitioners the sum of $4,917.43 for delinquent contributions.

The Award which follows does not intend to and does not include any sums that may be due to the Petitioners for any period other than stated above nor for any sums due to the Petitioners for the period stated above, and which would be shown upon an audit of the Respondent's books and records for such period, the results of such an audit not being available to me as Arbitrator due to Respondent's failure to comply with the Subpoena directed to it.

The Funds Plan Rules provide that:

> The Fund shall, in all proceedings brought to collect delinquent contributions and/or audit deficiencies seek, in addition to said delinquent contributions and/or audit deficiencies:
>
> a) Interest at the rate of 18% and all sums due.
> b) Liquidated damages equal to 20% of the delinquent contributions.
> c) Attorney's fees, audit fees and costs of the proceedings.
> d) Such other legal and equitable relief as deemed appropriate.

2

The Respondent having failed to perform and comply with the terms and provisions of the Agreement, as herein above found, and such default having resulted in expenditures for the Petitioners, I further direct that the Respondent pay to the Petitioners, such expenditures as follows, each of which I find to be reasonable in amount: legal fees, $100.00; auditing and accounting costs, $32.00; for total costs of $132.00.

In addition, I direct that in compliance with the Fund's Plan Rules and the provisions of ERISA, Section 502 (g) (2), the Respondent pay to the Petitioner interest on the unpaid contributions "at a rate of 18%" plus "liquidated damages equal to 20% of the delinquent contributions." Therefore, I direct that in accordance with the statutory formula, Respondent pay Petitioners the sum of $41.80, in interest on delinquent contributions which sum is hereby awarded against the Respondent in favor of the Petitioner and further that Respondent pay Petitioner the sum of $983.49, as liquidated damages which sum is hereby awarded against the Respondent in favor of the Petitioner.

## AWARD

Accordingly, it is hereby determined and awarded as follows: there is due and owing from the Respondent to the Petitioners the sum of $4,917.43, by way of unpaid contributions; the sum of $41.80, by way of interest provided for under ERISA, Section 502 (g) (2); the sum of $983.49, by way of liquidated damages provided for under ERISA, Section 502 (g) (2), the sum of $32.00 for Auditor's fees and costs; and the sum of $100.00, for legal fees; for a total amount of $6,074.72, which total amount is hereby awarded against the Respondent in favor of the Petitioner and which total amount the Respondent is to pay Petitioners forthwith

Dated: 2/22/07
New York, New York

_____
PHILIP ROSS, ARBITRATOR

3

**EXHIBIT B**

**EXHIBIT B**

## PLAN RULES WITH RESPECT TO THE COLLECTION
## OF DELINQUENT CONTRIBUTIONS

1. Contributions are due and owing to the Fund on a weekly basis and must be received by the fund no later than four weeks from the end of each work period for those employers who pay their employees on a weekly basis. For employers who pay their employees on a biweekly basis contributions must be received by the Fund no later than three weeks from the end of each work week period.

2. When an employer's weekly contribution is not received when due a notice of delinquency is sent to the employer. (Delinquency notice #1)

3. If after 10 business days an employer has not cured its delinquency a second notice of delinquency is sent to the employer. (Delinquency notice #2)

4. When an employer is delinquent three weeks beyond the grace period (seven weeks delinquent for employers who pay their employees on a weekly basis and six weeks delinquent for employers who pay their employees on a biweekly basis) the Fund shall serve a notice of intent to arbitrate against the employer, or initiate litigation in federal or state court.

5. The Trustees shall have the authority to suspend the payment of health and welfare benefits to the employees of any employer who is deemed delinquent in accordance with these rules.

6. Pursuant to the Employee Retirement Income Security Acct of 1974 as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("ERISA"), the Fund shall, in all proceedings brought to collect delinquent contributions and/or audit deficiencies seek, in additions to said delinquent contributions and/or audit deficiencies.

   a) Interest at the rate of 18% on all sums due

   b) Liquidated damages equal to 20% of the delinquent contributions

   c) Attorney's fees, audit fees and costs of the proceeding.

   d) Such other legal and equitable relief as deemed appropriate.

Interest shall accrue from the date upon which the obligation first became delinquent.